UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APOSTOLIC CHURCH OF CHRIST,

    Plaintiff,

vs.

FOUQUET FINANCIAL
SERVICES, INC., et al.,

    Defendants.
_____/

Civil Action No.
07-CV-13758

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION**
**TO DISMISS THE COMPLAINT AND COMPEL ARBITRATION**

This matter is presently before the court on defendants' motion to dismiss and to compel arbitration [docket entry 3]. Plaintiff has not responded and the time for doing so has expired.[1] Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument.

Plaintiff Apostolic Church of Christ alleges that in 2006 it approached defendants Fouquet Financial Services, Inc. ("FFS") and Joseph Fouquet ("Fouquet") for assistance in obtaining a construction loan. Plaintiff alleges that in September 2006 it paid defendants a "processing fee" in the amount of $15,600, and that in exchange defendants were to "process and obtain a loan valued at $11,750,000.00." Complaint ¶ 7. Plaintiff further alleges that "by the end of the Fall of 2006, essentially all communication had been cut off by the Defendants" and that defendants have not

---

[1] Defendants filed their motion on September 6, 2007. They served plaintiff by mail simultaneously, and service was complete at that time. *See* Fed. R. Civ. P. 5(b)(2)(B). Pursuant to E.D. Mich. LR 7.1(d)(1)(B), plaintiff's response was due within 21 days of service. Three days are added for mailing. *See* Fed. R. Civ. P. 6(e); E.D. Mich. LR 6.1. Therefore, plaintiff's response was due by October 1, 2007.

responded to plaintiff's inquiries. *Id.* ¶¶ 11-12. Plaintiff asserts claims for breach of contract, fraud and misrepresentation, promissory estoppel, conversion, and for violation of the Michigan Consumer Protection Act. For relief, plaintiff seeks damages, costs, interest and attorney fees.

Defendants seek an order dismissing the complaint and requiring plaintiff "to proceed with the arbitration pursuant to the terms of the contract executed by the parties . . . ." Defts' Mem. at 8. Defendants rely on a paragraph of a Letter of Interest ("LOI"), a copy of which is attached to their motion as Exhibit A. This LOI, signed by Fouquet on behalf of FFS, is dated May 8, 2006, and addressed to plaintiff. Paragraph 9 of the LOI states:

> Any dispute, controversy or claim relating to this Agreement shall be finally settled by a single-arbiter arbitration held in Kansas City, Missouri under the rules of the American Arbitration Association (the "AAA") in effect from time to time. The arbitrator may grant any remedy that he deems just and equitable within the scope of this Agreement as construed and governed in accordance with the laws of Missouri. The award of the arbitrator shall be final and binding and judgment thereon may be entered in any court having jurisdiction. The costs and expenses (including reasonable attorney's fees) of the prevailing party shall be borne and paid by the party that the arbitrator determines is the non-prevailing party. Arbitration shall not be deemed a waiver of FFS's right to seek injunctive relief in any court of competent jurisdiction as provided for in this agreement.

Defendants argue that "[a]ll five of Plaintiff's claims relate to the Contract, and are therefore within the scope of the arbitration clause." Dfts' Mem. at 6. The court agrees.

The LOI is a proposal by defendant FFS, acting as "a paid professional consultant," LOI ¶ 4, to attempt to obtain for plaintiff a construction loan on certain terms. The LOI became a contract when it was signed by plaintiff's Executive Pastor, Gary Hunley, on May 19, 2006. Under this contract, the parties acknowledged that "the proposed financing may not be successfully completed." *Id.* Plaintiff agreed to pay a $5,000 non-refundable "loan packaging fee," which was

2

deemed to be "fully earned upon your acceptance of this agreement." *Id.* ¶ 1.17. In addition, plaintiff agreed to pay a $10,000 "mortgage fee," which was "deemed to be fully earned at the time a written commitment is issued . . . whether or not the borrower signs the commitment." *Id.* ¶ 12. Plaintiff acknowledges that FFS issued a mortgage loan commitment on September 14, 2006. *See* Complaint, Exhibit A.

The Supreme Court and the Sixth Circuit have held that arbitration agreements should be "rigorously" enforced. *See Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987); *Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 322 (6th Cir. 1998). Further,

> [w]hen considering a motion to stay proceedings and compel arbitration under the Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration. *See Compuserve, Inc. v. Vigny Int'l Finance, Ltd.*, 760 F. Supp. 1273, 1278 (S.D. Ohio 1990).

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

In the present case, these factors all weigh in favor of enforcing the arbitration clause. The parties' agreement to arbitrate is clear from their respective signatures on the LOI. The scope of the agreement is broad, encompassing "[a]ny dispute, controversy or claim relating to this Agreement." LOI ¶ 9. No federal statutory claims are pled. And all of plaintiff's claims clearly come within the scope of the arbitration agreement, as they all relate directly to the transaction described in the LOI. Presumably plaintiff's failure to respond to the instant motion is a tacit acknowledgment that arbitration cannot be avoided in this instance.

When, as in the present case, all of plaintiff's claims are subject to arbitration, the

correct remedy is dismissal of the complaint. *See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001); *Lewis Tree Serv., Inc. v. Lucent Techs., Inc.*, 239 F. Supp.2d 332, 340 (S.D.N.Y. 2002); *Reynolds v. Halliburton Co.*, 217 F. Supp.2d 756, 758 (E.D. Tex. 2002). Accordingly,

IT IS ORDERED that defendants' motion to dismiss and to compel arbitration is granted. Once the arbitration is completed, either party may reopen the matter by filing a motion for entry of judgment on the arbitration award.

\_\_\_\_s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: October 12, 2007
         Detroit, Michigan